El Juez Asociado Sr. De Jesús no intervino.

BERNARDINO TORO MORALES, demandante y apelado, *v.* PETRA RÍOS VDA. DE TORO y LUCÍA GUZMÁN VDA. DE TORO, demandadas y apelantes.

Núm. 9582.—*Sometido:* Abril 2, 1948. *Resuelto:* Mayo 17, 1948.

*Francisco González, Jr.,* abogado de las apelantes; *Faustino R. Aponte,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR TODD, JR., emitió la opinión del tribunal.

La sentencia en este caso declaró al demandante Bernardino Toro Morales, hijo natural reconocido de don José Toro

Ríos. Las demandadas apelaron y en este recurso, como únicos errores, señalan los a su juicio cometidos por la corte inferior al apreciar la prueba.

En una extensa y bien considerada opinión, la corte sentenciadora hizo un análisis detallado de la prueba contradictoria presentada por las partes y resolviendo el conflicto existente a favor del demandante, dijo:

"¿Establecen los hechos probados que el demandante se ha hallado en la posesión continua del estado de hijo natural de José Toro Ríos justificado por actos directos del mismo y de su familia? Hemos visto que se consideran probados un conjunto de hechos continuos ocurridos en un período de tres años y durante el cual no hay duda de que el demandante gozó del estado de hijo natural de José Toro Ríos. Después de ese período de tiempo la madre del demandante descontinuó por completo sus relaciones con dicho José Toro Ríos, por razón de haber éste contraído matrimonio con doña Lucía Guzmán. Sin embargo, el demandante era traído a Humacao donde su padre le veía y mantenía con él sus relaciones de padre e hijo. Contrajo luego nupcias la madre del demandante con otro hombre y desde entonces no quiso ni siquiera admitir la ayuda económica que Toro Ríos le proporcionaba a su hijo. ¿Podría decirse que por esta razón dejaba de gozar el demandante del estado de posesión continua de hijo natural de Toro Ríos? A nuestro juicio, no. Hay prueba de que cuando ya tenía el demandente unos 20 años de edad continuaba sus relaciones de hijo con Toro Ríos, al extremo de que éste le autorizó a usar su apellido y así lo hizo el demandante desde entonces. Además algunos familiares de su padre le trataban como de la familia."

Por haber nacido el demandante en el año 1897, es aplicable a este caso el artículo 135 del Código Civil Español, vigente entonces en Puerto Rico, y el cual disponía que el padre estaba obligado a reconocer al hijo natural "2. Cuando el hijo se halle en la posesión continua del estado de hijo natural del padre demandado, justificada por actos directos del mismo padre o de su familia."

Arguyen las apelantes que la prueba no es suficiente para demostrar la posesión continua del estado de

hijo natural del demandante por el padre por haber sido la misma interrumpida. No tienen razón. Hemos examinado detenidamente la extensa prueba practicada en este caso y no tenemos duda de que la conclusión a que llegó la corte es correcta. En el caso de *Colón* v. *Sucn. A. J. Tristani*, 44 D.P.R. 171, 181, adoptamos la acepción que de la palabra "continuo" expresa Scaevola, al referirse al artículo 135, supra, y dijimos:

"El adjetivo *continuo*, dice Scaevola, tiene varias acepciones, y en el caso del artículo 135 no puede tomarse en el de 'sin interrupción', sino en el de 'cosa que sigue a otra', determinándose así con el otro calificativo de 'constante', expresivo de perseverancia o repetición de actos. En nuestro concepto la palabra *continuo* debe interpretarse en el sentido de referirse a una serie de actos, a un conjunto de hechos ejecutados por la persona de quien se reclama el reconocimiento, y que sean bastantes, al examinarlos en globo, para constituir la posesión del estado de hijo natural. Una vez que esta serie de actos se ha realizado por un período razonable de tiempo, el padre no debe estar autorizado para revocar por sus actuaciones posteriores el reconocimiento que antes hizo. Establecer un principio contrario equivaldría a autorizar al padre para dejar sin efecto hechos que hubieran podido bastar al hijo para obtener su reconocimiento, si la acción se hubiese ejercitado con anterioridad a la fecha en que quedaron interrumpidas las relaciones que antes mediaron entre ambos."

La prueba en el caso de autos demostró que el demandante gozó del estado de hijo natural de José Toro Ríos por un período continuo de tres años. Que luego hubo no una interrupción total, sino parcial, y que más tarde volvió el padre a reanudar sus relaciones con el demandante y hasta le autorizó a usar su apellido, lo que ha venido haciendo el demandante, pues bajo el apellido Toro se casó y sus hijos es el apellido que tienen.

No erró, a nuestro juicio, la corte inferior al apreciar la prueba y *debe confirmarse la sentencia apelada*.

El Juez Asociado Sr. De Jesús no intervino.